*New-London,*
July, 1843.

Lewis
*v.*
The State.

LEWIS *against* THE STATE :

IN ERROR.

Where an information for burglary, alleged, that the prisoner "feloniously and burglariously" broke and entered, without alleging that the acts were done in the night season, or stating at what hour they were done ; after a verdict of guilty and judgment thereon, it was held, 1. that the information was fatally defective; 2. that the defect was not cured by verdict.

THIS was an information against *Oliver H. P. Lewis* for burglary, alleged to be the second offence.

After setting forth the former offence, trial and conviction, the information stated, That on the 3d day of *August*, 1841, at *Montville* in *New-London* county, said *Lewis* did, with force and arms, the store of *Timothy W. Turner* of said *Montville*, there situate, in which store goods, wares and merchandize, and moneys of said *Turner*, were then and there deposited, feloniously and burglariously break and enter, with intent the said goods, wares and merchandize and moneys of the said *Turner* then and there deposited in said store, feloniously and burglariously to steal, take and carry away : And he, the said *Lewis*, did, then and there, having so broke and entered the said store, feloniously and burglariously steal, take and carry away from said store the following pieces of the current silver coin of this state—[specifying them]—against the form of the statute, &c.

After a trial, under this information, before the superior court holden at *New-London*, in *September*, 1841, the jury found the prisoner *guilty*, and the court thereupon sentenced him to the state prison for the term of six years. To obtain a reversal of this judgment, the present writ of error was brought.

*Hill*, for the plaintiff in error, contended, 1. That the information was fatally defective, because it did not specify the hour in which the offence was committed ; nor did it allege, that the breaking and entering were in the night season. All the facts constituting the offence must be distinctly set forth. That the breaking and entering must be in the night season, to constitute burglary, is unquestionable. 4 *Bla. Com.* 224.

2 *Sw. Dig.* 302, 303.   *Rex* v. *Jukes,* 8 *Term Rep.* 536, 541. *Cowp.* 682.   *Rex* v. *Lookup,* 3 *Burr.* 1901.   *Archb. Pl. & Ev.* 38. 46. *a.*    *Bac. Abr. tit.* Indictment. H. 3.

2. That the prisoner may take advantage of this defect in any stage of the proceedings, or after final judgment; a defective indictment or information not being aided by a verdict, as defective pleadings in civil cases are.   4 *Bla. Com.* 375.   2 *Sw. Dig.* 418. 415.   *Archb. Pl. & Ev.* 38, 39.   But such a defect in the declaration would be a ground of error, even in a civil case.   *Bacon* v. *Page,* 1 *Conn. Rep.* 404.

*Wait,* for the defendants in error, contended, 1. That the information in this case contained all that is necessary to describe the crime of burglary.   It is alleged, that the prisoner " *burglariously*" broke and entered the store; which shows, that the acts were done in the night season.

2. That if the information was defective, the defect is cured by verdict.   It should have been taken advantage of, by demurrer.   Had it not been proved that the acts were done in the night season, the jury could not have found the prisoner guilty.   In an action of trespass, if the declaration does not allege that the trespass was committed on a day certain, it is good cause of demurrer; yet on the issue of *not guilty,* as the plaintiff cannot prove his trespass without proving the day on which it was committed, this shall be aided by verdict.   1 *Sw. Dig.* 777.

HINMAN, J.   At the superior court, in *New-London* county, *September* term, 1841, the plaintiff in error was convicted of the crime of burglary; and it being a second conviction for the same offence, he was sentenced to confinement in the state prison, for the term of six years.

The information, on which the conviction was had, does not charge the crime to have been committed in the night season, nor does it contain any allegation of the hour when the offence was committed, nor any other allegation from which it appears to have been in the night season.

This is a fatal defect; and the judgment must, consequently, be reversed.   It is laid down in 3 *Chitt. Cr. L. p.* 859. " That it is not only necessary to state a day and year, but also an hour about which the offence was committed; in

*New-London,*
*July, 1843.*

Lewis
*v.*
The State.

order that it may appear to the court, to be at a time when there could be no day light remaining." And again, it is said, on the same page, "both the breaking and entering must be charged to have taken place in the night, or there is no charge of burglary;" and 1 *Hale* 549. is referred to, in support of these positions. The same doctrine is laid down in 2 *Russell on Crimes*, 36. And in *Waddington's* case, reported in 2 *East's P. C.* 513. the indictment alleged the fact to have been committed in the night, but did not state any hour when it was done. *Gould*, J. directed the prisoner to be found guilty of larceny only ; and said, " that as the rule now established was, that a burglary could not be committed during twilight, it was therefore necessary to specify the hour, in order that it may appear to have been done between the twilight of the evening and that of the morning."

This being the well settled law, it is useless to enquire, whether the term " burglariously" necessarily implies that it was done in the night, or whether it does not. That it is so understood in modern professional language, is doubtless true; yet it is said in *Jacob's L. Dict. tit.* Burglary, that originally the term signified only the robbery of a dwelling-house, without any reference to the time when it was committed.

In this opinion the other Judges concurred.

Judgment reversed.